## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,            CASE NO. 15-mj-30598

                     Plaintiff,            HON. ANTHONY P. PATTI

v.

JAIMEL LAMONT CAROTHERS,

                     Defendant.
_____/

## ORDER FOR CUSTODIAL PSYCHOLOGICAL EXAMINATION

On December 16, 2015, the defendant made his initial appearance on a criminal complaint charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). At his initial appearance, defense counsel indicated to the Court that the defendant had mental health problems. On December 18, 2015, the defendant appeared before this Court for a detention hearing. According to a report prepared by Pretrial Services, the defendant reported being diagnosed with paranoid schizophrenia, and that he was currently receiving no medication or treatment. The Government moved for the Court to order that the defendant be committed to the custody of the Attorney General to undergo a psychological examination to determine the defendant's competency to stand trial. At the Court's invitation, the defendant's mother and sister addressed the Court

and provided information regarding the defendant's history of mental illness. The Court also conducted a brief voir dire of the defendant himself with respect to his ability to understand, mental health condition and current medication. After reviewing the statements of defense counsel, the report by Pretrial Services, the statements of the defendant's family members, and the answers given by Defendant, and based upon the Court's own observation of the defendant's bearing and demeanor, the Court finds that there "is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." 18 U.S.C. § 4241(a).

Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1)     that a psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a) and (b), 4247(b);

(2)     that defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination at a suitable facility for a period not to exceed 30 days. The director of the facility where the defendant is located may apply for a reasonable extension not to exceed 15 days, *see id.* § 4247(b);

(3)     that the U.S. Marshals Service transport defendant to and from the facility;

2:15-mj-30598-DUTY   Doc # 9   Filed 12/21/15   Pg 3 of 4   Pg ID 14

#15-30598
USA v. JAIMEL LAMONT CAROTHERS

(4)     that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5)     that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for any purpose, including a competency hearing, detention hearing, trial or sentencing;

(6)     the examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(7)     that the period beginning with the government's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which is set for March 17, 2016, at 10:00 a.m., be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

#15-30598
USA v. JAIMEL LAMONT CAROTHERS

Dated: December 21, 2015          s/ Anthony P. Patti
                                  HONORABLE ANTHONY P. PATTI
                                  United States Magistrate Judge

I hereby certify that a copy of the foregoing document was sent to parties of record on December 21, 2015, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti

4